UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRIUS XM RADIO INC.,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>AURA MULTIMEDIA CORPORATION f/k/a AMTC BUSINESS MUSIC CORPORATION, AURA MULTIMEDIA TECHNOLOGIES COMPANY LLC, and CLAYTON B. BURTON, JR.,<br><br>　　　　　　Defendants. | No. _____<br><br>**COMPLAINT** |

Plaintiff Sirius XM Radio Inc. ("SiriusXM"), by and through its undersigned counsel, McDermott Will & Emery LLP, files this complaint against Aura Multimedia Corporation ("Aura Multimedia Corp") f/k/a AMTC Business Music Corporation ("AMTC"), Aura Multimedia Technologies Company LLC ("Aura Multimedia Tech"), and Clayton B. Burton, Jr. ("Burton" and, together with Aura Multimedia Corp and Aura Multimedia Tech, the "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.　This is an action for: (i) breach of contract; (ii) injunctive relief; and (iii) trademark infringement under (a) Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1), (b) trademark counterfeiting under section 32 of the Lanham Act, 15 U.S.C. § 1114(2), (c) false advertising and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (d) false association of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (e) federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), (f) trademark and trade dress dilution under the law of New York, N.Y.

1

GBL § 360-l, (g) unfair and deceptive trade practices under the laws of several states, including New York, N.Y. GBL § 349, and (h) unfair competition under common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and under principles of pendent jurisdiction.  This Court has supplemental jurisdiction under 28 U.S.C. §1367 over SiriusXM's claims for breach of contract and deceptive acts or practices and dilution pursuant to New York state law.

3. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of New York, as Plaintiff, and citizens of Florida, as Defendants.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c)(2) and because the subject contract designates this district as the proper venue for disputes relating to such agreement.

5. The Court has personal jurisdiction over the Defendants because the Defendants regularly transact business in the State of New York.  Additionally, the Court has personal jurisdiction over (i) Defendant Aura Multimedia Corp because Aura Multimedia Corp is the successor to AMTC and (ii) Defendant Aura Multimedia Tech because Aura Multimedia Tech was formed as a converted entity of Aura Multimedia Corp, which is the successor to AMTC and AMTC agreed in the subject contract to submit to the jurisdiction of this Court for any dispute arising out of the agreement.

**PARTIES AND RELATED ENTITIES**

6. Plaintiff SiriusXM is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1221 Avenue of the Americas, 35th Floor, New York, New York 10020. SiriusXM is engaged in, *inter alia*, the operation of satellite digital audio radio services and Internet webcasting throughout the United States.

7. Defendant Aura Multimedia Corp is an inactive corporation organized under the laws of the State of Florida, with its principal place of business located at 4091 AMTC Center Drive, Clearwater, Florida 33764. Aura Multimedia Corp is formerly known as AMTC and changed its name to Aura Multimedia Corp on April 8, 2016.

8. Defendant Aura Multimedia Tech is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 12485 44th Street North, Unit C, Clearwater, Florida 33762. Aura Multimedia Tech was organized as a converted entity of Aura Multimedia Corp.

9. Defendant Burton is an individual residing at 84 NE 838 Street, Old Town, Florida 32680 and is the: (i) registered agent and manager of Aura Multimedia Tech; and (ii) registered agent and president of Aura Multimedia Corp. On information and belief, Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind the trademark infringement, trademark dilution, trademark counterfeiting, false advertising and false designation of origin violations, as alleged herein.

**FACTUAL BACKGROUND**

A.   **The Distribution Agreements**

10.   SiriusXM broadcasts music and non-music content on a subscription fee basis. Its services consist primarily of satellite-delivered programming to receivers in vehicles and homes; the company also operates an Internet streaming service and a business establishment service (offering music channels for performance of background music in retail establishments). As one of the largest subscription media companies in the United States, SiriusXM broadcasts more than 150 channels of commercial-free music, sports, live news, talk, comedy, entertainment, traffic, and weather to more than 34 million subscribers.

11.   Aura Multimedia Corp f/k/a AMTC holds itself out as "the third-largest U.S. provider of business music, audio/video messaging, digital signage and audio/video equipment" and a manufacturer "of commercial sound and video equipment, including amplifiers, speakers, microphones and video distribution accessories." AMTC, https://www.amtc.com/ (last visited June 24, 2021).

12.   On April 16, 2013, SiriusXM and AMTC entered into that certain three-year fixed term Commercial Service Distribution Agreement (as amended, the "2013 Distribution Agreement") pursuant to which SiriusXM agreed to allow AMTC to sell SiriusXM satellite and Internet radio subscriptions and packages ("SiriusXM Services") to AMTC customers. A true and correct copy of the 2013 Distribution Agreement is attached hereto as **Exhibit A**. As consideration for the SiriusXM Services, AMTC paid certain fees to Sirius.

13.   Upon the expiration of the Initial Distribution Agreement, SiriusXM and AMTC entered into a second Commercial Service Distribution Agreement, dated as of May 4, 2016 (as amended, the "2016 Distribution Agreement"), containing the same material terms as the Initial

4

Distribution Agreement. A true and correct copy of the 2016 Distribution Agreement is attached hereto as **Exhibit B**.

14. Defendant Burton executed the 2013 Distribution Agreement and 2016 Distribution Agreement in his capacity as president of AMTC.

15. AMTC breached the 2016 Distribution Agreement by failing to pay amounts due under the agreement to SiriusXM on April 6, 2020, June 6, 2020, June 27, 2020, July 30, 2020, August 8, 2020, September 4, 2020, October 9, 2020, and October 10, 2020. As of May 21, 2021, the total amount due and outstanding by AMTC to SiriusXM is $296,599.01.

**B.   Termination of the 2016 Distribution Agreement**

16. On August 6, 2020, SiriusXM provided notice to Burton that it was terminating the 2016 Distribution Agreement pursuant to section 7.01 thereto, which provides that either party may terminate the agreement for any reason upon thirty days' notice.

17. On September 6, 2020, the 2016 Distribution Agreement was terminated.

**C.   Defendants' Wrongful Conduct**

18. SiriusXM has duly and properly registered many trademarks and service marks in the United States Patent and Trademark Office on the Principal Register (collectively, the "SiriusXM Marks"). A schedule of the SiriusXM Marks is attached hereto as **Exhibit C**.

19. U.S. Trademark Registration Nos. 3,204,232; 3,071,291; 3,114,505; 4,045,088; 4,199,434; and 4,062,682 owned by SiriusXM have achieved "incontestable" status, meaning that as a matter of law they are "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. §1115(b).

20. Pursuant to section 7.04(a) the 2016 Distribution Agreement, upon such termination, AMTC was required to "cease holding itself out as affiliated with SiriusXM or the SiriusXM Service in any way" and "discontinue use of the SiriusXM Marks and all SiriusXM-related sales and marketing materials and other tangible information and materials."

21. Despite this clear and unequivocal provision, AMTC continued (and continues) to hold itself as affiliated with SiriusXM and use SiriusXM's trademarks. Specifically, AMTC's website contains the following:



22. After the 2016 Distribution Agreement was terminated, AMTC's continued unauthorized use of the SiriusXM Marks in commerce has blurred and is likely to continue to blur the distinctiveness of the SiriusXM Marks.

6

23. Moreover, after the 2016 Distribution Agreement was terminated, AMTC's conduct with regard to its customers tarnished the SiriusXM Marks and the SiriusXM brand. Finally, AMTC is using these counterfeit SiriusXM Marks in connection with the sale and advertising of services AMTC provides.

24. As a result, customers are likely to be confused and deceived. In fact, SiriusXM learned from the Better Business Bureau and Florida Attorney General that AMTC customers had filed complaints alleging that such customers pre-paid for annual SiriusXM services through AMTC, which were shut off prior to the pre-paid term expiration and AMTC did not refund those customers. Customers also alleged that they discovered AMTC was not an authorized provider of SiriusXM services.

25. On April 26, 2021, SiriusXM sent a cease and desist letter to Burton demanding that, by May 5, 2021, AMTC: (i) immediately cease and desist from using any SiriusXM Marks or promoting itself as an authorized seller of SiriusXM services; and (ii) pay all outstanding amounts owed.

26. To date, the Defendants have not responded to the cease and desist letter, revised their website to delete reference to SiriusXM, or made any payments to SiriusXM.

27. The Defendants continue to commit these acts without SiriusXM's permission or consent and in violation of the 2016 Distribution Agreement.

28. In fact, on August 12, 2021, an agent of SiriusXM contacted the Defendants at the telephone number provided on their website. Through Defendants' automated telephone system, Plaintiff's agent selected to be directed to the Defendants' sales department. While on hold awaiting the sales department, the Defendants' automated voice message stated "AMTC is the largest provider of Sirius XM Music for business at $24.95."

29. On information and belief, the Defendants committed these acts with actual knowledge of SiriusXM's prior use and ownership of the SiriusXM Marks, and with the intent to deceive customers into believing Defendants are affiliated with SiriusXM.

30. On information and belief, the Defendants have committed these acts with the intent to profit from the goodwill owned by SiriusXM in its name and trademarks.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT UNDER NEW YORK LAW**
**(Against Defendants Aura Multimedia Corp f/k/a AMTC and Aura Multimedia Tech)**

31. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 30 above, and incorporates them herein by reference.

32. The 2016 Distribution Agreement is a valid and binding contract between AMTC and SiriusXM.

33. As successors through name change and conversion, Aura Multimedia Corp and Aura Multimedia Tech, respectively, are subject to the 2016 Distribution Agreement to the same extent as AMTC.

34. AMTC, Aura Multimedia Corp, and Aura Multimedia Tech breached the 2016 Distribution Agreement by failing to pay amounts due under the agreement to SiriusXM.

35. AMTC, Aura Multimedia Corp, and Aura Multimedia Tech have also breached the 2016 Agreement by continuing to use the SiriusXM Marks and hold themselves out as affiliated with SiriusXM after termination of the agreement.

36. As a direct and proximate result of these breaches, SiriusXM has suffered damages of at least $296,599.01.

**SECOND CLAIM FOR RELIEF
FOR TRADEMARK INFRINGEMENT UNDER SECTION 1114
OF THE LANHAM ACT
(Against All Defendants)**

37.　SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 36 above, and incorporates them herein by reference.

38.　SiriusXM owns federal trademark registrations for the SiriusXM Marks.

39.　Defendants' unauthorized advertising of the SiriusXM Marks in commerce and offering for sale of SiriusXM services is likely to cause confusion, mistake or to deceive customers.

40.　As a result of Defendants' unauthorized advertising of SiriusXM services in commerce, the public is likely to believe, erroneously, that SiriusXM authorizes Defendants to provide such services or that Defendant and its services are authorized by, sponsored by or affiliated with SiriusXM.

41.　Such unauthorized advertising in commerce is willful, intended to reap the benefit of the goodwill of SiriusXM, and constitutes trademark infringement in violation of Section 1114(1) of the Lanham Act.

42.　Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these trademark infringement violations.

43.　Such conduct is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court.  SiriusXM has no adequate remedy at law, injunctive and monetary relief are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

## THIRD CLAIM FOR RELIEF
### FOR TRADEMARK COUNTERFEITING UNDER SECTION 1114 OF THE LANHAM ACT
(Against All Defendants)

44. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 above, and incorporates them herein by reference.

45. SiriusXM owns federal trademark registrations for the SiriusXM Marks.

46. In connection with the advertising, sale, and offering for sale of services for which the SiriusXM Marks are registered, Defendants have used in commerce trademarks that are spurious marks which are identical with, or substantially indistinguishable from, the registered SiriusXM Marks.

47. SiriusXM has not authorized Defendants' use or counterfeiting of the SiriusXM Marks.

48. Defendants' use of counterfeits of the registered SiriusXM Marks in commerce is likely to cause confusion, mistake or to deceive customers.

49. Such unauthorized acts of counterfeiting in commerce are willful, committed with knowledge that such imitation is intended to be used to cause confusion or mistake or to deceive, and intended to reap the benefit of the goodwill of SiriusXM. Such acts constitute trademark counterfeiting in violation of Section 1114 of the Lanham Act.

50. Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these acts of trademark counterfeiting.

51. Such conduct is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court. SiriusXM has no adequate remedy at law, injunctive and monetary relief

are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

**FOURTH CLAIM FOR RELIEF**
**FOR FALSE ADVERTISING UNDER SECTION 1125 OF THE LANHAM ACT**
**(Against All Defendants)**

52.  SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 51 above, and incorporates them herein by reference.

53.  The SiriusXM Marks are identified and associated in consumers' minds exclusively with SiriusXM.  The SiriusXM Marks are entitled to the broadest scope of protection because they are strong and highly distinctive marks.

54.  Defendants' use of the SiriusXM Marks in commerce to advertise a purported affiliation with SiriusXM is likely to cause confusion, to cause mistake, or to deceive as to the connection, sponsorship, affiliation or association of Defendants or Defendants' services with SiriusXM, or as to the approval of Defendants or their activities by SiriusXM.

55.  Defendants are willfully and deliberately committing these acts with unequivocal knowledge that the SiriusXM Marks are associated exclusively with SiriusXM, and with the intent to reap the benefit of the goodwill and reputation associated with SiriusXM and the SiriusXM Marks.

56.  Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these acts of false advertising.

57.  This conduct violates section 1125(a) of the Lanham Act and is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court.  SiriusXM has no adequate remedy

at law, injunctive and monetary relief are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

### FIFTH CLAIM FOR RELIEF
### FOR FALSE ASSOCIATION UNDER SECTION 1125 OF THE LANHAM ACT
**(Against All Defendants)**

58. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 57 above, and incorporates them herein by reference.

59. The SiriusXM Marks are identified and associated in consumers' minds exclusively with Sirius. The SiriusXM Marks are entitled to the broadest scope of protection because they are strong and highly distinctive marks.

60. Defendants' use of the SiriusXM Marks in commerce and purported affiliation with SiriusXM is likely to cause confusion, to cause mistake, or to deceive as to the connection, sponsorship, affiliation or association of Defendants or Defendants' services with SiriusXM, or as to the approval of Defendants or their activities by SiriusXM.

61. Defendants are willfully and deliberately committing these acts with unequivocal knowledge that the SiriusXM Marks are associated exclusively with SiriusXM, and with the intent to reap the benefit of the goodwill and reputation associated with SiriusXM and the SiriusXM Marks.

62. Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these acts of false association.

63. This conduct violates section 1125(a) of the Lanham Act and is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court. SiriusXM has no adequate remedy

at law, injunctive and monetary relief are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

**SIXTH CLAIM FOR RELIEF**
**FOR TRADEMARK DILUTION UNDER SECTION 1125 OF THE LANHAM ACT**
**(Against All Defendants)**

64. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 63 above, and incorporates them herein by reference.

65. The SiriusXM Marks are distinctive and famous among the general consuming public, within the meaning of section 1125(c) of the Lanham Act.

66. Defendants' unauthorized use of the SiriusXM Marks in commerce occurred after the SiriusXM Marks became distinctive and famous.

67. Defendants' unauthorized use of the SiriusXM Marks in commerce is likely to blur and dilute, does blur and dilute, and will continue to blur and dilute the distinctive quality of the SiriusXM Marks and is likely to tarnish, does tarnish, and will continue to tarnish the SiriusXM Marks in violation of 15 U.S.C. § 1125(c).

68. Defendants' intentional and unauthorized use of the SiriusXM Marks in commerce for its own commercial business purposes is intended to and has the effect of trading on SiriusXM's reputation and causing dilution of the SiriusXM Marks.

69. Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these acts of trademark dilution.

70. Such conduct is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court.  SiriusXM has no adequate remedy at law, injunctive and monetary relief

are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

**SEVENTH CLAIM FOR RELIEF
FOR TRADEMARK AND TRADE DRESS DILUTION
UNDER N.Y. GEN. BUS. LAW § 360-1
(Against All Defendants)**

71. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 70 above, and incorporates them herein by reference.

72. The SiriusXM Marks are distinctive and famous throughout the United States, including the State of New York.

73. Defendants' unauthorized use of the SiriusXM Marks in commerce occurred after the SiriusXM Marks became distinctive and famous.

74. Defendants' unauthorized use of the SiriusXM Marks in commerce is likely to dilute, does dilute, and will continue to dilute the distinctive quality of the SiriusXM Marks and is likely to tarnish, does tarnish, and will continue to tarnish the SiriusXM Marks in violation of section 360-1 of New York's General Business Law.

75. Defendants' intentional and unauthorized use of the SiriusXM Marks in commerce for its own commercial business purposes is intended to and has the effect of trading on SiriusXM's reputation and causing dilution of the SiriusXM Marks.

76. Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these acts of trademark and trade dress dilution.

77. Such conduct is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court. SiriusXM has no adequate remedy at law, injunctive and monetary relief

are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

### EIGHTH CLAIM FOR RELIEF
### FOR UNFAIR AND DECEPTIVE TRADE PRACTICES
### UNDER N.Y. GEN. BUS. LAW § 349
### (Against All Defendants)

78. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 77 above, and incorporates them herein by reference.

79. As a result of the Defendants' conduct, the Defendants have been and are engaged in deceptive acts or practices in the conduct of business, trade, or commerce in violation of section 349 of New York's General Business Law.

80. The public is being harmed and is likely to continue to be harmed as a result of Defendants' deceptive practices and acts.

81. Burton, in his capacities as manager of Aura Multimedia Tech and president of Aura Multimedia Corp., was the moving, active, and conscious force behind these unfair and deceptive trade practices.

82. Such conduct is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court. SiriusXM has no adequate remedy at law, injunctive and monetary relief are warranted, and the public interest would be served by enjoining Defendants from continuing this conduct.

### NINTH CLAIM FOR RELIEF
### FOR COMMON LAW UNFAIR COMPETITION

83. SiriusXM repeats and re-alleges each and every allegation set forth in paragraphs 1 through 82 above, and incorporates them herein by reference.

84. Defendants' unauthorized advertising of Sirius services and use of the SiriusXM Marks in commerce constitutes a false representation that SiriusXM authorized such conduct, and is likely to confuse consumers.

85. Defendants are committing these acts with unequivocal knowledge that the SiriusXM Marks are associated exclusively with SiriusXM.

86. Such acts are willful and deliberate, are intended to reap the benefit of the goodwill and reputation associated with SiriusXM, and thereby constitute common law unfair competition.

87. Such conduct is causing irreparably injury to SiriusXM and to its respective goodwill and reputation, and will continue to damage SiriusXM and deceive the public unless enjoined by this Court.  SiriusXM has no adequate remedy at law, injunctive relief is warranted, and the public interest would be served by enjoining Defendants' from continuing this conduct.

## PRAYER FOR RELIEF

88. **WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

   a. That an injunction be issued enjoining the Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by the Defendants, and all those in active concert and participation with the Defendants, and each of them who receives notice directly or otherwise of such injunction from advertising, promoting, displaying, selling, or offering for sale any goods or services bearing or in connection with  any SiriusXM Marks and any other actions related to SiriusXM that may be likely to deceive, mislead, or confuse the public into believing that the Defendants are in any way affiliated with SiriusXM or that may infringe or dilute the SiriusXM Marks;

  b. Directing that the Defendants make available to SiriusXM for review, inspection, and copying all books, records, and other documents concerning all transactions relating to the purchase or sale of SiriusXM services after September 6, 2020;

  c. Directing that the Defendants remove and destroy any materials that advertise or contain the SiriusXM Marks; or that may tend to suggest any purported affiliation with SiriusXM, approval by SiriusXM, sponsorship by SiriusXM or affiliation with SiriusXM; or that may be likely to dilute the SiriusXM Marks;

  d. Requiring that the Defendants account for and pay to SiriusXM three times the profits realized by the Defendants from their violations in regard to the SiriusXM Marks;

  e. Awarding money damages for breach of contract of at least $296,599.01;

  f. Awarding SiriusXM its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful trademark infringement, false advertising, false association and dilution;

  g. Awarding SiriusXM statutory damages, pursuant to 15 U.S.C. § 1117(c), of $2,000,000 for each trademark that Defendants have counterfeited, per type of goods or services sold, offered for sale or distributed, as well as attorneys' fees and costs;

  h. Awarding SiriusXM its actual damages, trebled pursuant to N.Y. Gen. Bus. Law § 349(h), arising out of Defendants' acts of willful deceptive trade practices;

  i. Awarding SiriusXM's interest, including pre-judgment interest, on the foregoing sums;

  j. Awarding SiriusXM its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a);

k. Directing such other and further action as the Court deems appropriate to prevent or deter the Defendants from continuing their wrongful conduct;

l. Directing that the Defendants file with the Court within thirty days after entry of judgment, a report in writing under oath detailing Defendants' compliance with the foregoing; and

m. Awarding SiriusXM such other and further relief as the Court may deem just and proper.

DATED: New York, New York
August 18, 2021

MCDERMOTT WILL & EMERY LLP

By:  /s/ Monica S. Asher
Kristin K. Going
Monica S. Asher
One Vanderbilt Avenue
New York, NY 10017
Tel:  (212) 547-5400
Fax: (646) 417-7313
kgoing@mwe.com
masher@mwe.com

Robert W. Zelnick (*pro hac vice application to be filed*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
rzelnick@mwe.com
Tel.: (202) 756-8377