USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Sirius XM Radio Inc.,

                                 **Plaintiff,**

                   -against-

Aura Multimedia Corporation et al.,

                              **Defendants.**

1:21-cv-06963 (GHW) (SDA)

<u>OPINION AND ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Sirius XM Radio, Inc. ("Plaintiff" or "Sirius"), pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, for an Order authorizing Plaintiff to serve process on Defendant Clayton B. Burton, Jr. ("Burton") by email. (Pl.'s Mot., ECF No. 33.) For the reasons set forth below, Plaintiff's motion is GRANTED.

<u>BACKGROUND</u>

On August 18, 2021, Sirius filed its Complaint in this action. (*See* Compl., ECF No. 1.) In its Complaint, Sirius brings claims under the Lanham Act and New York law against Aura Multimedia Corporation ("Aura Multimedia Corp"), Aura Multimedia Technologies Company LLC ("Aura Multimedia Tech") and Burton. (*See id*. ¶ 1.) Burton is the registered agent and president of Aura Multimedia Corp. and the registered agent and manager of Aura Multimedia Tech. (*See id*. ¶ 9.)

On September 28, 2021, the Summons and Complaint were served on Defendants Aura Multimedia Corp. and Aura Multimedia Tech. (*See* Affs. of Service, ECF Nos. 17-20.) These Defendants failed to timely appear in this action, and Certificates of Default were entered against them by the Clerk of Court on November 15, 2021. (*See* Certs. of Default, ECF Nos. 29-30.)

The record reflects numerous attempts made by Sirius to serve the Summons and Complaint on Burton, which were unsuccessful. (*See* Asher Decl., ECF No. 35, ¶¶ 4-7, 9.) On September 24, 2021, copies of the Summons and Complaint were sent to Burton by email to the email address he listed in connection with his registration with the Florida State Bar, claytonbburton@gmail.com. (*See id*. ¶ 10 & Ex. F.) No "bounceback" was received in response to that email transmission. (*See id*. ¶ 10.)

On October 5, 2021, counsel for Sirius received an email from Marcus A. Castillo, counsel for Burton, seeking to resolve the issues raised in the Complaint. (Asher Decl. ¶ 11.) After the parties were unable to resolve the issues, Attorney Castillo sent an email to counsel for Sirius stating that he Attorney Castillo would "no longer be involved in this matter or representing [Burton]" and that he was "unable to accept service of process." (Asher Decl., Ex. H, ECF No. 35-8.)

## LEGAL STANDARDS

Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e). In New York, service of process may be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called "nail and mail" service. N.Y. C.P.L.R. ("CPLR") §§ 308(1)-(4). When traditional methods of service prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." *Id.* § 308(5). The meaning of "impracticable" depends on

the facts and circumstances of a particular case. . . . In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *D.R.I., Inc. v. Dennis*, No. 03-CV-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (citations omitted) (cleaned up).

The Court may permit service by any other method that is "reasonably calculated, under all the circumstances, to apprise the interest party of the pendency of the action." *D.R.I., Inc.*, 2004 WL 1237511, at *1 (citation omitted) (cleaned up). In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with "constitutional due process" by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *F.T.C. v. PCCare247 Inc.*, No. 12-CV-07189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (citation omitted). "[S]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Vega v. Hastens Beds, Inc.*, 110 Fed. R. Serv. 3d 1372, 2021 WL 3854881, at *5 (S.D.N.Y. 2021) (citation omitted).

## ANALYSIS

The Court finds that Plaintiff has made an adequate showing that service on Burton through other means prescribed in CPLR § 308 is impracticable, such that alternative service under CPLR § 308(5) is justified. The Court further finds that Plaintiff has demonstrated that email service is likely to reach Burton. Accordingly, Plaintiff is hereby granted leave to serve the Summons and Complaint on Burton by sending an email to him at claytonbburton@gmail.com. In addition, to ensure that Burton receives the Summons and Complaint, the Court directs Plaintiff to send the Summons and Complaint by email to Attorney Castillo (along with a copy of

this Opinion and Order) with instructions for Attorney Castillo to forward copies of the Summons and Complaint to Burton.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for an Order authorizing Plaintiff to serve process on Defendant Burton by email is GRANTED. No later than December 31, 2021, Plaintiff shall serve the Summons and Complaint by email to Burton and shall send copies of the Summons and Complaint by email to Attorney Castillo, as set forth above.

**SO ORDERED.**

Dated:     New York, New York
           December 4, 2021

_____
STEWART D. AARON
United States Magistrate Judge