UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**SIRIUS XM RADIO INC.,**                                         Case No. 1:21-cv-6963(GHW)(SDA)

**Plaintiff,**

v.

**AURA MULTIMEDIA CORPORATION f/k/a**

**AMTC BUSINESS MUSIC CORPORATION,**

**AURA MULTIMEDIA TECHNOLOGIES**

**COMPANY LLC, and CLAYTON B. BURTON,**

**JR.,**

**Defendants.**

### DEFENDANT CLAYTON B. BURTON'S MOTION TO SET ASIDE
### DEFAULT FOR GOOD CAUSE SHOWN

    Comes now Defendant, Clayton B. Burton, Jr., acting pro se and files this motion pursuant to F.R.C.P. Rule 55(c), and as grounds herefor states as follows:

    1. The standard for setting aside a default was set forth by this Court in *Alexander v. Private Protective Servs., 1:19-cv-10004 (JPO) (SDA), (S.D.N.Y. Aug. 30, 2021)*:

> In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result. It is well established that default judgments are disfavored, and that [a] clear preference exists for cases to be adjudicated on the merits. (Citations omitted)

    2. The standard for whether a default was "willful" was also set forth in *Alexander*:

> A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor." (Citations omitted)

    3. I have previously filed in this case a Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, Insufficient Process, Insufficient Service of Process and Failure to State a Claim Upon Which Relief Can Be Granted (the "Motion to Dismiss").

4. As articulated in my Affidavit attached as Exhibit A to my Motion to Dismiss, at the time of the default I had never been served with any document in this case. I first became aware of this case when I received an email from a New York law firm informing me of a lawsuit by Plaintiff and offering their services to assist with the case. As a result of this email, I contacted a friend who is a Florida attorney, Marcus Castillo, and asked him to look into it. Mr. Castillo contacted Plaintiff's counsel and then relayed to me a general description of the lawsuit. He informed me that Plaintiff had not affected service on me, and told me that Plaintiff's counsel had asked if he would accept service on my behalf, which he declined to do. I reasonably assumed that Plaintiff would therefore effect service on me by conventional means, and that until this occurred, no action by me was required.

5. Weeks passed and I remained unserved by Plaintiff. I called Mr. Castillo to ask if he had heard anything further. He informed me that he had been sent documents by Plaintiff's counsel, with a request to forward them to me, which he told me he had done by email. I told him I had received no documents from him, and learned that he had sent them to my old company email address, which is no longer working.

6. When I became aware that Plaintiff claimed to have effected service on me, despite not actually having done so, I immediately filed a Notice of Appearance.

7. There is no evidence of bad faith, nor of any egregious or deliberate conduct. Clearly, my default was not willful.

8. The standard for whether a defendant has established a meritorious defense was set forth in *Alexander*:

> In order to make a sufficient showing of a meritorious defense, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense. (Citations omitted)

9. My Motion to Dismiss and my Affidavit attached thereto set forth facts that very clearly show that not only has Plaintiff failed to state a claim against me for which relief can be granted, but that jurisdiction and venue are improper with respect to me in the first place. Clearly, I have established a meritorious defense.

10. Were this Court to refuse to set aside my default, I will suffer a default judgment on claims that have no merit, which should never have been brought against me in this Court to begin with. It is hard to imagine a more "harsh and unfair result".

11. Plaintiff will suffer no prejudice if my default is set aside.

WHEREFORE, I request that this Court set aside my default.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent by email to Temporary_Pro_Se_Filing @nysd.uscourts.gov on this 15th day of March, 2022.

/s/ *Clayton B. Burton, Jr.*

Clayton B. Burton, Jr.