```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sirius XM Radio Inc.,

                                     Plaintiff,

        -against-

Aura Multimedia Corporation et al.,

                                   Defendants.

1:21-cv-06963 (GHW) (SDA)

**OPINION AND ORDER AND REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GREGORY H. WOODS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court are motions by *pro se* Defendant Clayton B. Burton, Jr. ("Burton"), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to set aside default (Burton 3/15/22 Mot., ECF No. 55), and pursuant to Rules 12(b)(1), (2), (3), (4), (5) and (6), to dismiss the Complaint of Plaintiff Sirius XM Radio, Inc. ("Plaintiff" or "Sirius"), for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process and failure to state a claim. (Burton 2/7/22 Mot., ECF No. 49.)[1]

For the reasons set forth below, it is hereby ORDERED that Burton's motion to set aside default is GRANTED, and Plaintiff is granted leave to take limited jurisdictional discovery from Burton before the Court makes its recommendation regarding personal jurisdiction. In addition,

---

[1] Also pending before the Court is Plaintiff's motion for default judgment against all the Defendants, *i.e.*, Aura Multimedia Corporation ("Aura Multimedia Corp."), Aura Multimedia Technologies Company LLC ("Aura Multimedia Tech") and Burton. (Pl.'s 1/26/22 Mot., ECF No. 42.) Because, as addressed herein, the Court is vacating the default against Burton, the motion for a default judgment against him is moot. The Court will address Plaintiff's motion for a default judgment against Aura Multimedia Corp. and Aura Multimedia Tech in due course.

it is respectfully recommended that Burton's motion to dismiss on grounds of insufficient process and insufficient service of process be DENIED.[2]

## BACKGROUND

On August 18, 2021, Sirius filed its Complaint in this action. (*See* Compl., ECF No. 1.) In its Complaint, Sirius brings claims under the Lanham Act and New York law against Aura Multimedia Corp., Aura Multimedia Tech and Burton. (*See id*. ¶ 1.) Sirius alleges that, after a distribution agreement between Sirius and Aura Multimedia Corp. was terminated,[3] Aura Multimedia Corp. improperly continued on its website to hold itself out as affiliated with Sirius and to use Sirius's trademarks. (*See id*. ¶¶ 20-22.) According to the Complaint, Aura Multimedia Tech was organized as a converted entity of Aura Multimedia Corp., and Burton was the registered agent and president of Aura Multimedia Corp. and the registered agent and manager of Aura Multimedia Tech. (*See id*. ¶¶ 8-9.)

---

[2] Because the Court is deferring its recommendation regarding personal jurisdiction, the Court does not address the issue of venue now since the Court finds that personal jurisdiction should be considered in advance of venue in this case. "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). In addition, the Court will make its recommendation regarding Burton's motion to dismiss for failure to state a claim when it makes its recommendation regarding personal jurisdiction, after jurisdictional discovery is complete. *Cf. Goldfarb v. Channel One Russia*, 442 F. Supp. 3d 649, 665 (S.D.N.Y. 2020) ("the Court will decide the motion to dismiss for failure to state a claim when it resolves the issue of personal jurisdiction"). Finally, since Burton omits from his motion any substantive discussion of subject matter jurisdiction, the Court does not address it here, except to note that Plaintiff has pled federal claims which establish jurisdiction, pursuant to 28 U.S.C. § 1331, and that the state law claims arise out of the same set of facts to make supplemental jurisdiction appropriate over such claims, pursuant to 28 U.S.C. § 1367. The Court also notes that the Complaint adequately pleads diversity jurisdiction. (*See* Compl. ¶ 3.)

[3] Two distribution agreements had been entered into between Sirius and Aura Multimedia Corp.—one in 2013 and one in 2016 (the "Distribution Agreements"). (*See* Compl. ¶¶ 12-13, Exs. A & B.)

On September 28, 2021, the Summons and Complaint were served on Defendants Aura Multimedia Corp. and Aura Multimedia Tech. (*See* Affs. of Service, ECF Nos. 17-20.) These Defendants failed to timely appear in this action, and Certificates of Default were entered against them by the Clerk of Court on November 15, 2021. (*See* Certs. of Default, ECF Nos. 29-30.)

Following numerous failed attempts to serve Burton, including through Attorney Marcus A. Castillo, who had contacted Sirius on behalf of Burton seeking to resolve the issues raised in the Complaint, Sirius made a motion for alternative service on Burton. (Pl.'s 12/3/21 Mot., ECF No. 33.) On December 4, 2021, the Court granted Sirius's motion and ordered substituted service on Burton by email and by service on Attorney Castillo, who was instructed to forward the Summons and Complaint to Burton. *See Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 594 (S.D.N.Y. 2021).

On December 6, 2021, Burton was served with the Summons and Complaint through the means authorized by the Court.[4] (12/6/21 Cert. of Service, ECF No. 37.) After Burton failed to timely respond to the Complaint, on January 4, 2022, a Certificate of Default was entered against him. (1/4/22 Cert. of Default, ECF No. 40.) On January 26, 2022, Sirius filed its currently-pending motion for a default judgment against Aura Multimedia Corp., Aura Multimedia Tech and Burton. (*See* footnote 1, *supra*.)

On January 31, 2022, Burton entered a notice of appearance in this action. (1/31/22 Not. of Appearance, ECF No. 48.) On February 7, 2022, Burton filed his motion to dismiss that currently is pending before the Court. (*See* Burton 2/7/22 Mot.) On February 25, 2022, the Court held a

---

[4] While the Certificate of Service indicates that Burton was served at claytonburton@gmail.com instead of claytonbburton@gmail.com (*see* 12/6/21 Cert. of Service), a copy of the email itself shows that Burton was served at the correct email address authorized by the Court. (Asher 4/1/22 Decl., Ex. F, ECF No. 58.)

3

telephone conference with the parties after which it set a schedule for Burton to file a motion to vacate the default that had been entered against him, and for Sirius to oppose Burton's motion to dismiss. (2/25/22 Order, ECF No. 54.) On March 15, 2022, Burton filed the motion to set aside default that currently is pending before the Court. (*See* Burton 3/15/22 Mot.)

On March 18, 2022, Sirius filed its opposition to Burton's motion to dismiss. (Pl.'s 3/18/22 Opp., ECF No. 56.) On April 1, 2022, Sirius filed its opposition to Burton's motion to set aside default. (Pl.'s 4/1/22 Opp., ECF No. 57; Asher 4/1/22 Decl.) The same day, Burton filed a reply in support of his motion to set aside default. (Burton 4/1/22 Reply, ECF No. 59.)

## LEGAL STANDARDS

### I. Motion To Vacate Default

Rule 55(a) of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

A motion to set aside entry of default is subject to disposition by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).

## II.     Process And Service Of Process

### A.     Rules 12(b)(4) And 12(b)(5)

The distinction between a motion for insufficient process under Rule 12(b)(4) and one for insufficient service of process under Rule 12(b)(5) is as follows:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is

>proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.[5] A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.

5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ*. § 1353 (3d ed. 2004) (footnotes omitted).

When a defendant moves for dismissal for inadequate service of process pursuant to Rule 12(b)(5), the plaintiff "bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). In considering a motion to dismiss pursuant to Rule 12(b)(5), the Court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether service was proper. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

**B.     Service Of Process**

Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e). In New York, service of process may be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent;

---

[5] Rule 4(b) states as follows: "(b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

or (4) so-called "nail and mail" service. N.Y. C.P.L.R. ("CPLR") §§ 308(1)-(4). When traditional methods of service prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." *Id.* § 308(5). "The meaning of 'impracticable' depends on the facts and circumstances of a particular case. . . . In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *D.R.I., Inc. v. Dennis*, No. 03-CV-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (citations omitted) (cleaned up).

The Court may permit service by any other method that is "reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action." *D.R.I., Inc.*, 2004 WL 1237511, at *1 (citation omitted) (cleaned up). In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with "constitutional notions of due process" by being "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *F.T.C. v. PCCare247 Inc.*, No. 12-CV-07189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (citation omitted). "[S]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Vega v. Hastens Beds, Inc.*, 110 Fed. R. Serv. 3d 1372, 2021 WL 3854881, at *5 (S.D.N.Y. 2021) (citation omitted).

### III. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Fin.*

*Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). "Where . . . a district court in adjudicating a motion pursuant to Federal Rule of Civil Procedure 12(b)(2) 'relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a *prima facie* showing of personal jurisdiction.'" *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)).

A court may exercise either general or specific personal jurisdiction. *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014). To make out a *prima facie* case of personal jurisdiction, whether based on general or specific personal jurisdiction, a plaintiff must establish both a "statutory basis" for jurisdiction and that the exercise of such jurisdiction accords "with constitutional due process principles." *Cortlandt St. Recovery Corp. v. Deutsche Bank AG*, No. 14-CV-01568 (JPO), 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (quoting *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014)). Specific personal jurisdiction subjects a defendant to suit only on claims that arise from the defendant's conduct in the forum. *Cortlandt St. Recovery Corp.*, 2015 WL 5091170, at *2; *see also Daimler*, 571 U.S. at 126-27.

New York's specific (long-arm) jurisdiction statute states that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent":

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or

8

consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302(a).

CPLR 302 does not distinguish actions taken in a defendant's personal capacity from actions taken in his "corporate" capacity. *See Chloé v. Queen Bee of Beverly Hills*, 616 F.3d 158, 164 (2d Cir. 2010) (CPLR 302 "confers jurisdiction over individual corporate officers who supervise and control an infringing activity"); *Retail Software Servs. Inc. v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988) (upholding long-arm jurisdiction over corporate employees who were "primary actors" in transaction in New York that was source of litigation) (citing *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470 (1988)). Where the CEO of an organization exercises extensive control over the day-to-day activities of a corporation, it is "appropriate" for the court to "consider the scope of [the corporation's] activities in New York in evaluating whether it [can] exercise personal jurisdiction over [the CEO]." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 98 (2d Cir. 2016).

"In evaluating jurisdictional motions, district courts enjoy broad discretion in deciding whether to order discovery." *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 811-12 (S.D.N.Y. 2005) (collecting cases). "A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks and citation omitted). "If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction." *Daventree Ltd. v.*

*Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207-08 (2d Cir. 2003)).

## ANALYSIS

I.   **Burton's Motion To Vacate The Default Is Granted**

The Court considers the relevant factors in determining whether to vacate a default under Rule 55(c) in turn.

First, as to willfulness, by his own admission, Burton was in contact with Attorney Castillo about this case after it was filed and Attorney Castillo later told Burton that Attorney Castillo had received "documents" from Plaintiff which had been forwarded by Attorney Castillo to Burton by email.[6] (*See* Burton 3/15/22 Mot. ¶¶ 4-5.) Burton asserts that the documents were sent to an "old company email address" that no longer was working (*see id.* ¶ 5), but Burton obviously could have provided Attorney Castillo with the correct email address and Attorney Castillo, having been ordered by the Court to serve Burton via email, also should have corrected any error. Thus, at a minimum, Burton should have been, and likely was, served by Attorney Castillo.[7] However, the Court need not determine whether Burton willfully defaulted in timely responding to the Complaint, or whether he was simply careless or negligent in sitting by and awaiting service once he was aware that he had been named as a defendant. *See, e.g., Millennial Plastic Surgery PLLC v. James*, No. 21-CV-09590 (ER), 2022 WL 769292, at *3 (S.D.N.Y. Feb. 10, 2022) (citing *Puddu v.*

---

[6] The Court presumes that the "documents" sent by Attorney Castillo to Burton by email were the Summons and Complaint that the Court instructed Attorney Castillo to forward to Burton. *See Sirius XM Radio Inc.*, 339 F.R.D. at 594.

[7] Burton also asserts that he never was served with the Summons and Complaint by Plaintiff, which apparently includes the email service directed by the Court on December 4, 2021. (Burton 2/7/22 Mot., Ex. A ¶ 2.) However, as Sirius points out, he does not disavow that the Gmail account where the documents were emailed was a proper email address. (*See* Pl.'s 4/1/22 Opp. at 4.)

*6D Glob. Techs., Inc.*, No. 15-CV-08061 (AJN), 2020 WL 2833852, at *4 (S.D.N.Y. May 31, 2020) (concluding that defendant did not act willfully where he had actual notice of case but believed he had not been served); *Wildflower + Co. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 197 (S.D.N.Y. 2021) (assuming *arguendo* that defendant's conduct was willful where he admitted receiving an email notifying him of the complaint and vacating default). Even if Burton's conduct was willful, I find, for the reasons set forth below, that the default should be vacated when balanced against the remaining factors. *Accord Gunnells v. Teutul*, 469 F. Supp. 3d 100, 104 (S.D.N.Y. 2020) (declining to hold evidentiary hearing to "ascertain with reasonable certainty whether the defaulting defendants' conduct was willful" when consideration of other two factors made it unnecessary).

With respect to the second factor, I find that Burton has set forth in his pending motion to dismiss a plausible meritorious defense to his individual liability. "In order to make a sufficient showing of a meritorious defense, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-07458 (MKB) (ST), 2019 WL 2435644, at *7 (E.D.N.Y. Mar. 25, 2019) (alteration omitted) (quoting *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)); *see also Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor). To succeed on a motion to vacate a default, the defendant need not conclusively establish his defense, but he must present more than conclusory assertions or denials. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998).

In the present case, Plaintiff alleges that Burton may be personally liable for trademark infringement and unfair competition, since, as an officer of the corporate defendants, he was a "moving, active, conscious, force" behind the defendant corporation's infringement. (*See* Pl.'s 3/18/22 Opp. at 15-16.) Again, the alleged infringement was the continued use of Sirius trademarks on the Aura Multimedia Corp. website after the 2016 distribution agreement was terminated. (*See* Compl. ¶¶ 21-22.) However, Burton asserts that he "was completely unaware of Plaintiff's concerns until [he] learned of them via this lawsuit, whereupon [he] immediately communicated those concerns to the person responsible for the website involved, who immediately rectified the concerns." (*See* Burton 2/7/22 Mot. ¶ 11.) Thus, the Court finds that, if proven, Burton has set forth a meritorious defense.

Third, I find that Plaintiff has suffered no cognizable prejudice by Burton's delay in responding to the Complaint. Plaintiff argues that it is prejudiced by the time and costs it incurred getting to this point in the litigation and that setting aside the default would delay its ability to collect on an ultimate judgment. (Pl.'s 4/1/22 Opp. at 5-6.) However, the costs incurred by Sirius in effectuating service on Burton would have been incurred even if Burton had not defaulted and the costs and legal fees related to obtaining a default judgment and opposing a motion to vacate do not constitute prejudice. *See Weingeist v. Tropix Media & Entertainment et al.*, No. 20-CV-00275 (ER), 2022 WL 970589, at *11 (S.D.N.Y. Mar. 30, 2022). Moreover, delay alone does not constitute prejudice; instead, prejudice exists when, for example, vacatur will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Muster*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted).

Burton was served by the alternative means authorized by the Court on December 6, 2021. (*See* 12/6/21 Cert. of Service.) Thus, his response to the Complaint was due 21 days later, *i.e.*, on December 27, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Burton entered an appearance on January 31, 2022 (*see* 1/31/22 Not. of Appearance) and moved to dismiss the Complaint on February 7, 2022. (*See* Burton 2/7/22 Mot.) Sirius has not shown how Burton's 42-day delay in responding to the Complaint prejudiced it beyond the delay itself. *See, e.g., Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612 (LAP), 2021 WL 4226183, at *4 (S.D.N.Y. Sept. 16, 2021) (recognizing that "it would be almost impossible to establish prejudice where the defaulting party filed an appearance with the Court less than one month after the non-defaulting party filed its motion for a default judgment.") (internal quotation marks and alterations omitted).

Finally, although prejudice may be present if vacatur would "thwart plaintiff's recovery or remedy," *Green*, 420 F.3d at 110 (internal quotation marks and citation omitted), Plaintiff has not shown that the relatively short delay here has caused prejudice in its ability to collect a potential judgment from Burton. To the extent Plaintiff's arguments relate to the corporate defendants, its motion for default judgment as to those entities remains pending and, thus, Plaintiff is not prejudiced. Accordingly, the Court concludes that the prejudice factor weighs in favor of vacating the default.

While the Court does not condone Burton's apparent efforts to dodge service, given the strong preference for deciding cases on the merits, the relevant factors ultimately weigh in favor of vacating the default. *Accord Meehan*, 652 F.2d at 277 ("the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort"). Thus, the Court, in its discretion, hereby grants Burton's motion to set aside his default.

## II.  Recommendations Regarding Process-Related Defenses

### A.  Rule 12(b)(4)

Insofar as Burton has moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(4), for insufficient process, such motion is not well founded. Burton does not assert any defect in the Summons that was served, and the Court finds none. As such, process was not insufficient. *See* 5B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1353.

### B.  Rule 12(b)(5)

With respect to Burton's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process, the Court refers to its prior Opinion and Order authorizing that process be served in the manner in which it was served. *See Sirius XM Radio Inc.*, 339 F.R.D. at 594. In the circumstances presented to the Court, as set forth in my prior Opinion and Order, service by email and through Attorney Castillo was authorized by CPLR § 308(5) and comported with due process. *See id*. at 593-94.

Thus, it is respectfully recommended that Burton's motion to dismiss, pursuant to Rules 12(b)(4) and 12(b)(5), be denied.

## III.  Order Regarding Jurisdictional Discovery

Plaintiff bases personal jurisdiction over Burton on New York's long-arm statute. (*See* Pl.'s 3/18/22 Opp. at 7-10.) Plaintiff alleges that Burton, who was the registered agent and president of Aura Multimedia Corp. and the registered agent and manager of Aura Multimedia Tech., executed the Distribution Agreements at issue in this case, and was the "primary actor with respect to the Distribution Agreements and the trademark infringement underlying the Complaint." (*See id*. at 7; Compl. ¶¶ 8-9.) Although Burton contends that he never personally

transacted business in New York, he admits that he managed the day-to-day operations of the corporate defendants. (*See* Burton 2/7/22 Mot., Ex. A ¶¶ 10, 16.) Plaintiff alleges that the Defendants "regularly transact[ed]" business in the State of New York. (Compl. ¶ 5.) To the extent that Burton, while acting for the corporate defendants, had sufficient contacts with the State of New York, and that Plaintiff's claims arose from Burton's conduct in New York, the Court may have personal jurisdiction over him.

However, on the present record, the Court does not have adequate information to make a recommendation regarding personal jurisdiction over Burton. Thus, as part of my general pretrial management of this case, I hereby grant Plaintiff leave to take limited jurisdictional discovery[8] as to Burton's contacts with the State of New York, including his contacts while acting on behalf of the corporate defendants, and his conduct in New York relating to Plaintiff's claims. Jurisdictional discovery shall be limited to up to 20 requests for the production of documents and a remote deposition not to exceed five hours in length.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Burton's motion to set aside his default is GRANTED, and the Clerk of Court is respectfully requested to vacate the Certificate of Default entered at ECF No. 40.

In addition, it is respectfully recommended that Burton's motion to dismiss on grounds of insufficient process and insufficient service of process be DENIED. The Court defers making a

---

[8] The Court notes that Plaintiff, in the alternative to requesting that the Court outright deny Burton's personal jurisdiction motion, had requested jurisdictional discovery from Burton. (*See* Pl.'s 3/18/22 Opp. at 17-18.)

15

recommendation with respect to Burton's motion to dismiss for lack of personal jurisdiction, pending the conclusion of jurisdictional discovery and supplemental briefing.

It is hereby ORDERED that Plaintiff may take jurisdictional discovery from Burton, as set forth above, which shall be concluded no later than June 3, 2022. Thereafter, no later than June 24, 2022, Plaintiff shall file its supplemental opposition to Burton's motion to dismiss for lack of personal jurisdiction, setting forth relevant facts obtained during jurisdictional discovery. No later than July 15, 2022, Burton may file a reply. If the Court finds that personal jurisdiction exists, at the time that it issues its recommendation regarding personal jurisdiction, the Court also shall issue recommendations regarding Burton's motion to dismiss for improper venue and failure to state a claim.

**SO ORDERED.**

Dated:     New York, New York
           April 6, 2022

_____
STEWART D. AARON
United States Magistrate Judge

\*     \*     \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO COURT'S RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, to the Court's recommendation regarding Burton's motion to dismiss for insufficient process and insufficiency of service of process. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy.

Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Woods.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).