```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
SIRIUS XM RADIO INC.,                                                :
                                                                     :
                                              Plaintiff,             :   1:21-cv-06963-GHW
                                                                     :
                       -v -                                          :   ORDER
                                                                     :
AURA MULTIMEDIA CORPORATION, AURA                                    :
MULTIMEDIA TECHNOLOGIES COMPANY                                      :
LLC, and CLAYTON B. BURTON JR.                                       :
                                                                     :
                                              Defendants.            :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On July 18, 2022, Magistrate Judge Aaron issued a Report and Recommendation (the "R&R") recommending that the Court deny Defendant Clayton B. Burton, Jr.'s motion to dismiss the complaint on the grounds of lack of personal jurisdiction, improper venue, and failure to state a claim. For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

    I.     RELEVANT BACKGROUND

      For a more detailed recitation of Plaintiff's claims, the Court refers the reader to Judge Aaron's Report and Recommendation, which thoroughly and accurately summarizes the legal and factual issues involved in this litigation. Briefly: This case was filed in August of 2021. Dkt. No. 1 ("Compl."). The complaint assets claims against two companies—Aura Multimedia Corporation and Aura Multimedia Technologies Company LLC (the "Corporate Defendants")—and one individual, Clayton B. Burton, Jr. Plaintiff's claims arise in part under the Lanham Act, 15 U.S.C. § 1125. Plaintiff also has asserted state law claims for breach of contract, unfair trade practices, and unfair competition.

      The Corporate Defendants have never appeared in this case. As a result, on April 12, 2022,

Judge Aaron recommended that the Court enter default judgment against them. *See* Dkt. No. 61. The Court adopted that recommendation by Judge Aaron on April 27, 2022. *See* Dkt. No. 62. Consistent with Judge Aaron's recommendation, the Court deferred the determination of damages against the Corporate Defendants until after the resolution of the claims against Mr. Burton. *Id.*

Unlike the Corporate Defendants, Mr. Burton has appeared to defend himself in this case, albeit somewhat belatedly. *See* Dkt. No. 48. On February 7, 2022, Mr. Burton filed a motion to dismiss the complaint against him (the "Motion"). Dkt. No. 49. His Motion raised a number of arguments: ineffective service of process; lack of personal jurisdiction; improper venue; as well as failure to state a claim. *Id.* As the basis for his assertion that the complaint failed to state a claim, Mr. Burton's argument focused principally on Plaintiff's claims under the Lanham Act. In particular, Mr. Burton asserted that the complaint contained no more than "naked assertions" regarding his personal involvement in the alleged infringing activities. *Id.* at 2-3. Mr. Burton asserted that the actual facts would prove his innocence. *Id.* at 3 ("In fact, no such acts ever occurred.").

Judge Aaron issued a report recommending that the Court deny Mr. Burton's motion to dismiss for improper service on April 6, 2022. Dkt. No. 60. At the same time, Judge Aaron recommended that the Court defer ruling on the other issues raised in the Motion to permit the parties to pursue discovery as to Mr. Burton's arguments regarding the Court's want of personal jurisdiction over him. The Court again adopted Judge Aaron's recommendation without objection. *See* Dkt. No. 63.

Judge Aaron issued the R&R that is the subject of this decision on July 18, 2022. In it, Judge Aaron reviewed the evidentiary record developed during jurisdictional discovery, as well as the other submissions presented by the parties. R&R at 6. Judge Aaron recommended that the Court deny Mr. Burton's motion to dismiss on the grounds of lack of personal jurisdiction and improper venue.

2

Judge Aaron's R&R also properly laid out the legal standards applicable to Plaintiff's claims before recommending that the Court deny Mr. Burton's motion to dismiss Plaintiff's Lanham Act claims against him. *Id.* at 14-18.

Mr. Burton timely objected to the R&R on August 3, 2022 (the "Objections").[1] Dkt. No. 73. Mr. Burton did not object to Judge Aaron's recommendation to deny his motion to dismiss for lack of personal jurisdiction and improper venue. Instead, his brief Objections targeted only the magistrate judge's conclusions regarding the sufficiency of the Lanham Act claims.[2] Mr. Burton asserted that the R&R "appears to accept Plaintiff's naked conclusory assertions" that he was "a moving active, conscious, force behind" the alleged infringement. Objections at 1. In addition to taking issue with the sufficiency of the allegations, Mr. Burton again asserted that the facts as they will ultimately be established are inconsistent with the facts alleged in the complaint: "all available evidence indicates that I was not involved with, managing or exercising control over the corporate defendant at the time of the alleged infringement." *Id.* (emphasis omitted). Plaintiff filed a reply to the Objections on August 17, 2022. Dkt. No. 74.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; see also Fed. R. Civ. P. 72(b)(2).

---

[1] Mr. Burton timely submitted the Objections by email on August 3, 2022, which was fifteen days after the report and recommendation was mailed to him on July 19, 2022. *See* Objections at 2; R&R at 19 (citing Fed. R. Civ. P. 6(a)(d) (providing three additional days beyond the fourteen-day deadline for filing written objections where service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F))); *see also* Fed. R. Civ. P. 5(b)(2)(C) (providing that "service is complete upon mailing" where a paper is served by mailing it to the person's last known address).
[2] Construed to raise the strongest arguments that they suggest, the Court understands the Objections to also contest the validity of the R&R's recommendations regarding the common law unfair competition claims against Mr. Burton.

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov.3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851 (NGG)(RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006).

As with all *pro se* filings, this Court must liberally construe Mr. Burton's Objections "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g., Erickson v. Pardus*,

4

551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)). "*Pro se* parties are generally accorded leniency when making objections. Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06CIV.5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (internal citations omitted).

### III.   ANALYSIS

Mr. Burton does not object to the R&R's recommendations that his motion to dismiss be denied on the grounds that the Court lacks personal jurisdiction over him and that this Court is an improper venue. Similarly, Mr. Burton does not object to the R&R's recommendation that the Court deny his Motion to the extent that it can be read as a motion to dismiss any claims against him under New York's General Business Law. The Court has reviewed those parts of the R&R for clear error and finds none.

Mr. Burton's objections to the R&R's recommendation that the Court deny his motion to dismiss for failure to state a claim under the Lanham Act is meritless. The Court has reviewed that recommendation *de novo*. Having done so, the Court adopts the R&R in full. Mr. Burton does not point to any error in the R&R's description of the legal standard applicable to the claims: rightly so, because the legal standard applied by the R&R is accurate.

The R&R correctly concluded that the complaint plausibly states a claim against Mr. Burton under the Lanham Act. As Judge Aaron wrote, "[t]he alleged violations arose from the continued use of Sirius trademarks on the Aura Multimedia Corp. website after the 2016 Distribution Agreement was terminated." R&R at 17. Mr. Burton is alleged to have been the manager and president, respectively, of each of the Corporate Defendants. Compl. ¶ 9. He signed the relevant

agreement and was, in accordance with its terms, sent notice of its termination. *Id.* ¶¶ 13-14, 16-17. Despite the termination, the allegedly infringing marks continued to appear on the Aura Multimedia Corp. website until at least August 2021. *Id.* ¶¶ 21-22, 25. Contrary to the argument presented in the Objections, these allegations are not merely conclusory. They provide sufficient factual enhancement for the Court to conclude that Mr. Burton was the moving, active, and conscious force behind the Corporate Defendants' alleged infringement.[3]

Mr. Burton's Objections also founder on a fundamental principle: in the context of a motion to dismiss, the Court accepts the allegations in the complaint as true. It may ultimately prove to be, as Mr. Burton asserts in his Motion and Objections, that he was no longer involved in the operations of the Corporate Defendants at the time of the alleged infringement, and that, as a result, he was not the moving, conscious force behind the alleged infringement. But the Court does not consider Mr. Burton's facts at this time: it accepts the complaint's facts as true. At a later stage in the proceedings, Mr. Burton will have the opportunity to have the Court, or a finder of fact, consider the version of events that he has presented to the Court. Mr. Burton's Objections to the Report and Recommendation, however, are meritless.

## IV.     CONCLUSION

For these reasons, the Court accepts and adopts the thorough and well-reasoned Report and Recommendation in its entirety.

The Clerk of Court is directed to mail Mr. Burton a copy of this order by first class and certified mail. The Court requests that counsel for Plaintiff provide Mr. Burton with copies of unpublished cases cited in this decision pursuant to Local Rule 7.2 of the United States District

---

[3] For the same reasons, the R&R's recommendation that the Court deny Mr. Burton's Motion to the extent it attacks any unfair competition claims brought against him under New York law is sound. As the R&R notes, "claims for unfair competition under New York common law mirror the Lanham Act claims." R&R at 18.

Courts for the Southern and Eastern Districts of New York.

    SO ORDERED.

Dated: January 17, 2023  
New York, New York

                                                  GREGORY H. WOODS  
                                               United States District Judge